UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNNYSIDE DEVELOPMENT COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> OPSYS LIMITED, a United Kingdom Company, <br><br> Defendant. | No. C 05-00553 MHP <br><br> **MEMORANDUM & ORDER** <br> **Re: Motion for Leave to File** <br> **Second Amended Complaint** |

    Plaintiff Sunnyside Development Co. filed this lawsuit against defendant Opsys Limited, alleging that defendant breached a lease agreement for commercial property located in Fremont, California. Plaintiff's original complaint and First Amended Complaint also included a breach of contract claim against a related entity, Cambridge Display Technologies, Ltd. ("Cambridge Limited"), as well as fraud claims against both Opsys Limited and Cambridge Limited. This court dismissed the fraud claims against both parties and the contract claim against Cambridge Limited with prejudice. Now before the court is plaintiff's motion for leave to file a Second Amended Complaint ("SAC") which names another related entity, Cambridge Display Technology, Inc. ("Cambridge Inc.") as a defendant based on a theory of successor liability. Having considered the parties' arguments and submissions, and for the reasons set forth below, the court enters the following memorandum and order.

BACKGROUND[1]

Plaintiff is the lessor of a commercial property located at 47375 Fremont Boulevard in Fremont, California. On February 15, 2001 plaintiff agreed to lease commercial space at the Fremont Boulevard property to defendant Opsys Limited, with the lease term running from May 1, 2001 through April 30, 2008. Pursuant to the conditions of the lease agreement, Opsys Limited agreed to pay plaintiff a monthly base rent, to make certain capital improvements, and to conduct its business in an environmentally safe manner.

Opsys Limited continued to make rental payments to plaintiff until October 2002. At that time, Cambridge Limited acquired control of Opsys' British business, Opsys UK Limited ("Opsys UK"). As part of the corporate reorganization accompanying that transaction, plaintiff, Opsys Limited, and Opsys's United States subsidiary, Opsys US, signed a novation agreement that purportedly assigned Opsys Limited's rights and obligations under the lease to Opsys US. Under the terms of paragraph six of the novation agreement, the assignment was subject to a number of conditions precedent.

Plaintiff received no rental payments after October 2002, and Opsys US was forced into involuntary bankruptcy by four of its creditors in May 2003. On December 14, 2004, plaintiff filed this action in the Superior Court for Alameda County, alleging breach of contract and fraud under California law. That action was subsequently removed to this court, and on February 28, 2005 defendants moved to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff had failed to state a claim under either of its legal theories. With respect to plaintiff's breach of contract claims, defendants argued that Cambridge Limited was never a party to the Fremont Boulevard lease and that Opsys Limited had been released from its obligations under the lease agreement by the October 2002 novation agreement. As for plaintiff's fraud claim, defendants argued that plaintiff had failed to plead the elements of fraud with particularity, as is required by Federal Rule of Civil Procedure 9(b).

On April 22, 2005, the court issued an order granting defendants' motion in part and denying it in part. Specifically, the court agreed with defendants that plaintiff's complaint failed to allege that Cambridge Limited had ever been a party to the lease agreement, thus warranting dismissal of

the breach of contract claim against Cambridge Limited  The court also dismissed the fraud claims against both defendants on the ground that plaintiff had failed to satisfy the pleadings requirements of Rule 9(b).  However, in considering the breach of contract claim against Opsys Limited, the court rejected defendants' argument that the terms of the novation agreement warranted granting their motion to dismiss.  In particular, the court noted that defendants had failed to submit a signed copy of the second amendment to the lease, and it could not be determined from the face of the pleadings whether all of the conditions precedent to releasing Opsys Limited from liability for failure to comply with the conditions of the lease had been fulfilled.  Thus, drawing all reasonable inferences in favor of the nonmoving party, the court held that plaintiff had stated a claim for breach of contract against Opsys Limited.

On May 11, 2005 plaintiff filed a First Amended Complaint, having been granted leave to correct the deficiencies that the court identified in its April 2005 order.  In the First Amended Complaint, plaintiff again alleged breach of contract and fraud against both defendants.  The First Amended Complaint added the allegation that Opsys Limited acted as the alter ego of Cambridge Limited in entering into and breaching the lease agreement, thereby entitling plaintiff to recover damages for breach of contract from Cambridge Limited as well as from Opsys Limited.  Plaintiff supplemented its fraud claims by identifying several of Opsys Limited's officers as the source of the actionable misrepresentations that defendants allegedly made.

On May 31, 2005 defendants again moved for partial dismissal of the amended complaint, arguing that plaintiff had again failed to state a claim for breach of contract against Cambridge Limited or to plead adequately the required elements of fraud against either defendant.  The court again granted defendants' motion to dismiss the fraud claims, this time with prejudice, as the added allegations in the First Amended Complaint did nothing to address the previously identified shortcomings.  In addition, the court dismissed the alter ego claim with prejudice based on a failure to allege any of the requirements for alter ego liability.

Plaintiff has subsequently retained new counsel and now seeks leave to file a Second Amended Complaint.  The Second Amended Complaint differs from the First Amended Complaint in two respects.  First, plaintiff has supplemented the breach of contract allegations to enumerate the

3

specific ways in which defendant allegedly breached the lease and the reasons why the attempted novation is deficient. Second, plaintiff has attempted to join Cambridge Inc. as the successor in interest to Opsys Limited's business. Defendant objects to both proposed amendments, complaining that plaintiff is attempting to circumvent the court's previous dismissal with prejudice of the fraud claims and plaintiff's contract claim against Cambridge Limited.

LEGAL STANDARD

The Federal Rules of Civil Procedure provide that leave to amend be "freely given when justice so requires." Fed. R. Civ. Pro. 15(a). The Ninth Circuit has construed Rule 15(a) broadly, requiring that leave to amend be granted with "extraordinary liberality." Morongo Band of Mission Indians v. Rose, 893 F. 2d 1074, 1079 (9th Cir. 1990); see also DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality"); Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc., 989 F. Supp. 1237, 1241 (N.D. Cal. 1997) (Jensen, J.) ("[T]he court must be very liberal in granting leave to amend"); Poling v. Morgan, 829 F.2d 882, 886 (9th Cir. 1987) (describing a "strong policy permitting amendment").

Despite this liberal policy of amendment, leave will not be given where the district court has "a substantial reason to deny" the motion. J. W. Moore et al., Moore's Federal Practice § 15.14[1] (3d ed. 1998) ("district judge[s] should freely grant leave to amend when justice requires, absent a substantial reason to deny"). The court may decline to grant leave where there is "any apparent or declared reason" for doing so. Foman v. Davis, 371 U.S. 178, 182 (1962); see also Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 772 (9th Cir. 1991).

The Ninth Circuit has interpreted Foman as identifying "four factors relevant to whether a motion for leave to amend pleadings should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party." United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981); see also Poling, 829 F.2d at 886. The enumerated factors are not of equal weight, and delay alone is insufficient reason to deny leave to amend. Webb, 655 F.2d at 980 (citing Howey v. United States, 481 F.2d 1187 (9th Cir. 1973)). By the same token, "[p]rejudice to the

4

opposing party is the most important factor." Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990). Futility alone can also justify the denial of a motion to amend. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995), cert. denied, 516 U.S. 1051 (1996). The party opposing leave to amend bears the burden of showing prejudice. DCD Programs, 833 F.2d at 187.

DISCUSSION

I. Additional Breach of Contract Allegations

Defendant argues that plaintiff's proposed amendment is an attempt to reintroduce fraud claims which this court has previously dismissed with prejudice. The parts of the proposed Second Amended Complaint to which defendant objects most strenuously are paragraphs 15 and 16. Paragraph 15 alleges that the novation was ineffective because "Opsys US was grossly undercapitalized and the purported assignment without disclosure of material facts was in bad faith under the Lease, and contrary to the covenant of good faith and fair dealing." SAC ¶ 15. Paragraph 16 also alleges that the purported novation, which included a clause stating that "Opsys Limited was in full compliance with all terms of the Lease," was invalid due to "Opsys Limited's ongoing undisclosed activities in breach of the covenant of good faith and fair dealing." Id. ¶ 16. Defendant does not identify any particular prejudice flowing from the proposed amendment, other than its supposed conflict with this court's prior dismissal of the fraud claims. Plaintiff responds that a claim of breach of the covenant of good faith and fair dealing is distinct from a claim of fraud. Plaintiff also argues that the alleged breaches serve to undermine defendant's defense based on assignment of the contract.

The court finds that plaintiff's proposed amendments are acceptable and add welcome clarity to the sloppy complaint drafted by plaintiff's former attorneys. The added allegations are distinct from the previously dismissed fraud claim in a number of respects. First, plaintiff has not added a separate claim for breach of the covenant of good faith and fair dealing, but rather has alleged that a breach of the covenant rendered the purported assignment unenforceable. The fraud allegations, in contrast, constituted an independent basis for recovery.

5

Second, the damages recoverable under a fraud claim are broader than those recoverable under a claim for breach of contract or for breach of the covenant of good faith and fair dealing. See generally <u>Foley v. Interactive Data Corp.</u>, 47 Cal. 3d 654, 684 (1988) (holding that, outside of limited contexts such as insurance contracts, a party may not recover tort damages for breach of the covenant of good faith and fair dealing).

Third, in order to prove a breach of the covenant of good faith and fair dealing, plaintiff need not prove scienter. "Nor is it necessary that the party's conduct be dishonest. Dishonesty presupposes subjective immorality; the covenant of good faith can be breached for objectively unreasonable conduct, regardless of the actor's motive." <u>Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.</u>, 2 Cal. 4th 342, 373 (1992). This distinction is particularly relevant in light of the reason for the court's dismissal of the fraud claims: plaintiff's failure to state facts supporting a finding of scienter. See <u>Sunnyside Dev. Co. v. Opsys Ltd.</u>, No. C 05-00553 MHP, slip op. at 8–9 (N.D. Cal. Aug. 8, 2005).

Defendant also alleges that plaintiff is using the proposed amendment to advance an entirely new breach of contract theory, in response to the production of a signed copy of the second amendment to the lease—the document which allegedly consummated the novation. Previously, the court found that the absence of a signed copy supported plaintiff's claim that the novation was invalid. See <u>Sunnyside Dev. Co. v. Opsys Ltd.</u>, No. C 05-00553 MHP, slip op. at 3–4 (N.D. Cal. Apr. 22, 2005). While the court acknowledges that the production of a signed copy appears to weaken plaintiff's case, plaintiff has alleged additional violations of the terms of the assignment. In any event, even if plaintiff's current complaint articulates a theory that conflicts with plaintiff's earlier claims, there is no requirement of absolute consistency in pleadings, particularly in the early stages of a case. Fed. R. Civ. P. 8(e)(2) ("A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds"); <u>see also</u> <u>Coleman v. Standard Life Ins. Co.</u>, 288 F. Supp. 2d 1116, 1119 (E.D. Cal. 2003).

For all of the foregoing reasons, and in furtherance of the rule providing for liberal amendment of complaints, the court grants plaintiff's motion to file the amended breach of contract

6

claims.

## II. Successor Liability of Cambridge Inc.

Defendant challenges plaintiff's attempt to add Cambridge Inc. on a number of grounds. First, defendant claims that Cambridge Inc. is the same party that was dismissed from the action with prejudice in connection with defendant's motion to dismiss plaintiff's First Amended Complaint. Second, defendant claims that Cambridge Inc. is not a successor in interest, but rather is a stockholder of Opsys Limited. Plaintiff responds that Cambridge Inc. is a different corporate entity from Cambridge Limited, the party previously dismissed. Plaintiff also argues that, regardless of the form of ownership, Cambridge Inc. has entered into a *de facto* merger with Opsys Limited.

The court need not engage in the merits of either party's arguments at this time because joinder of Cambridge Inc. is premature. As an alleged successor in interest, Cambridge Inc. will only be involved in this lawsuit to the extent that plaintiff is unable to collect a judgment from Opsys Limited. It would therefore be inefficient to join Cambridge Inc. at this time. Plaintiff's motion for leave to add Cambridge Inc. as a party is therefore denied without prejudice, subject to renewal if and when the primary liability of Opsys Limited is established.

## CONCLUSION

For the above reasons the court hereby GRANTS IN PART and DENIES IN PART plaintiff's motion for leave to file its Second Amended Complaint.

IT IS SO ORDERED.

Date: January 3, 2006

_____

MARILYN HALL PATEL
United States District Judge
Northern District of California

8

ENDNOTES

1. Unless otherwise noted, background facts are taken from plaintiff's proposed Second Amended Complaint.

9