UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SUNNYSIDE DEVELOPMENT COMPANY, LLC,

        Plaintiff,

  v.

OPSYS LIMITED,

        Defendants,

No. C 05 0553 MHP

**MEMORANDUM & ORDER**
Re: Defendant's Motion for Judgment as a Matter of Law and for a New Trial

        Plaintiff Sunnyside Development Company, LLC ("plaintiff" or "Sunnyside") filed this breach of contract action against defendant Opsys Limited ("defendant" or "Opsys Ltd.") in the California Superior Court for the County of Alameda on December 14, 2004. Defendant removed the action to this court on February 7, 2005. The matter proceeded to jury trial on February 21, 2007. On March 9, 2007 the jury returned a verdict in favor of plaintiff. Defendant now moves for judgment as a matter of law and for a new trial. Having considered the parties' arguments and submissions, and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND

        The factual background of this action is set forth in this court's order on defendant's motion for summary judgment. Sunnyside Dev. Co. v. Opsys Ltd., No. C 05 0553 MHP, 2007 WL 419865 (N.D. Cal. Feb. 6, 2007) (Patel, J.). That order denied defendant's motion for summary judgment in all respects, and the matter proceeded to trial shortly after the order was entered. During the pre-

trial proceedings and the trial itself, this court made a number of rulings which defendant now challenges. First, the court ruled, based on its summary judgment order, that defendants were not entitled to pursue the defense of waiver. Second, the court declined to submit defendant's proposed instruction regarding the defense of unclean hands to the jury. Finally, at the close of evidence, plaintiff made a motion for judgment as a matter of law pursuant to Rule 50(a), seeking a judgment that defendant's equitable estoppel claim was unsupported. The court granted this motion, and thus the jury did not consider the factual issues related to equitable estoppel.

Shortly before delivering the verdict, the jury submitted the following request to the court: "CLARIFICATION OF QUESTION 1 b ON VERDICT FORM. PLEASE CLARIFY 'EFFECTIVE DATE' IF ASSIGNMENT IS VALID OR NOT VALID." Bunzel Dec., Exh. A. Question 1(b) on the form asked whether defendant made material representations and warranties in an Assignment agreement between the parties that were inaccurate at the time of the effective date of the assignment. After receiving this request, the court discussed the request with counsel for both parties and then called the jury into the courtroom to address them directly. The court directed the jury's attention to paragraph 2 of the Assignment, and then the following exchange took place.

> THE COURT: . . . It says the effective date of this assignment shall be the date on which all conditions precedent the lessor's consent to this assignment as set forth in paragraph 6 below have been satisfied. And then you look to paragraph 6 and what that says as well.
> I'm not sure if I can do any better then [sic] answer that — answer the question in that way and also tell you look at the exhibits that are relevant to this, if I found others that are relevant and also the instructions and the — particularly the instructions on assignment and novation and excuse of condition and the instructions on contract interpretation. Is there something else you're looking for?
> THE FOREPERSON: Do we have to answer the question?
> THE COURT: Well, not my question I'm asking you now, but the one in the form?
> THE FOREPERSON: Yes.
> THE COURT: Yes. You need to answer all of the questions here. So is there a problem with answering it or is it a question of a divided vote?
> THE FOREPERSON: It's a —
> THE COURT: If it's a divided vote don't tell me how it's divided.
> THE FOREPERSON: It's a problem with answering the question as it's written.

> THE COURT: Did Opsys Limited make material misrepresentations and warranties in the assignment and lease of consent of lessor that were inaccurate and did they do that, in other words, if you find, first of all, did they do that, number one.
> Number two, did they do that at the time of entering into the Assignment and did they do that at the time of the effective date of the assignment.
> Is it — would it be better to say within the range of time for which the assignment become [sic] effective?
> THE FOREPERSON: Yes. Or within 90 days of the initial date of the assignment.
> THE COURT: Of the date of entering into it because the date, the 90 days runs from the date of entry into the assignment, so within that, that would be correct, within that 90 days were any material representations or warranties made that were inaccurate.

Bunzel Dec., Exh. B at 7:25–9:16. A brief discussion then ensued, over plaintiff's counsel's objection, between defense counsel and the court in which defense counsel attempted to clarify that the Assignment could have become effective at any time within 90 days of entering into the Assignment. Id. at 9:17–11:1. Following this exchange, the court stated:

> THE COURT: Could have been effective earlier, it could have been at the time it became effective or at the date which it was to be effective, and but after 90 days you going to read the rest of this section to know that in the event not all the conditions precedent have been satisfied and 90 days have passed, then the assignment is null and void.
> Okay, does that help? Would you — Okay. Anything else?

Bunzel Dec., Exh. B at 11:2–11:9. The Foreperson responded "No," and the jury was then excused to continue deliberating. Id. at 11:10–15.

Shortly thereafter, the jury returned its verdict. The verdict form contained five questions, the first of which was compound. The pre-printed verdict form stated that (1) defendant made material representations in the Assignment that were inaccurate at the time of the effective date of the Assignment (but not at the time of entering into the Assignment), (2) the Assignment did not effectively transfer the lease from Opsys Limited to Opsys U.S., (3) defendant breached the lease, (4) defendant's breach caused plaintiff to suffer damages, and (5) plaintiff's damages amounted to $4,853,017.

Defendant now claims that the verdict is inconsistent, and that defendant was improperly denied the opportunity to present its defenses of equitable estoppel, waiver and unclean hands.

3

LEGAL STANDARD

I.  Judgment As a Matter of Law

Under Federal Rule of Civil Procedure 50, a court may grant judgment as a matter of law on any claims for which "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a)(1). In ruling on a motion for judgment as a matter of law pursuant to Rule 50, a court must consider all evidence presented, drawing all reasonable inferences in favor of the nonmoving party, without making credibility determinations or weighing the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150–51 (2000). In evaluating this evidence without making credibility determinations, the court must "disregard any evidence favorable to the moving party which the jury is not required to believe." Id. at 151.

II.  New Trial

Federal Rule of Civil Procedure 59(a) provides that a new trial may be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." A new trial is appropriate to prevent "fundamental unfairness or a miscarriage of justice." City of Phoenix v. Com/Sys., Inc., 706 F.2d 1033, 1036 (9th Cir. 1983). Such unfairness may be found where "the verdict [is] against the weight of the evidence, . . . the damages are excessive, or . . . [there were] alleged substantial errors in admission or rejection of evidence or instructions to the jury." Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940). Determining whether such unfairness exists is left to the sound discretion of the district court. Id.

DISCUSSION

I.  Plaintiff's Procedural Challenge

Plaintiff claims that defendant's Rule 50(b) motion for judgment as a matter of law is procedurally improper because plaintiff failed to make a Rule 50(a) motion at the close of evidence on the same grounds. The requirement that a party move under Rule 50(a) before moving under Rule 50(b) is applied strictly in this Circuit. Janes v. Wal-Mart Stores Inc., 279 F.3d 883, 886–87

4

1  (9th Cir. 2002). The only ground upon which defendant seeks judgment as a matter of law is the
2  inconsistent jury verdict. Defendant's remaining arguments, related to its affirmative defenses, are
3  submitted in support of its request for a new trial. Needless to say, defendant could not have made a
4  motion based on the jury's verdict before the action was submitted to the jury.

Although defendant mentions judgment as a matter of law throughout its argument related to
the jury verdict, defendant's overall claim is that the jury's verdict was inconsistent, which is
grounds for a new trial rather than judgment as a matter of law. Accordingly, the court will consider
this motion as a motion for a new trial.

## II.     Inconsistent Jury Verdict

An inconsistent jury verdict is grounds for a new trial. Ward v. City of San Jose, 967 F.2d 280, 286–287 (9th Cir. 1991). A court must attempt to reconcile a jury's findings, however, before ordering a new trial. Gallick v. Baltimore & Ohio R.R. Co., 372 U.S. 108, 119 (1963). "Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way." Id. (internal quotations omitted).

Defendant asserts that the jury verdict is inconsistent because, based on the wording of the form, the jury's answer to Question 1(b) implies that the Assignment was effective, whereas their answer to Question 2 states that the Assignment was not effective. The jury's exchange with the court, however, supports the conclusion that the jury, based on the additional instructions, clarifications and modifications from the court, understood Question 1(b) to ask whether defendant had made any inaccurate representations or warranties within 90 days of entering into the Assignment, regardless of whether the Assignment became effective. This is a "fair reading" of the answers. Id. Accordingly, the jury verdict is not inconsistent, and a new trial is not warranted on that basis.[1]

III.   Affirmative Defenses

Defendant claims that a new trial is warranted because defendant was entitled to raise the defenses of equitable estoppel, waiver and unclean hands.

A.   Equitable Estoppel

On February 23, 2007 the court ruled that the jury should adjudicate the factual questions underlying defendant's equitable estoppel defense. At the close of evidence, however, plaintiff moved pursuant to Federal Rule of Civil Procedure 50(a) for judgment as a matter of law that defendant's equitable estoppel defense was unsupported. The court granted plaintiff's motion. The court relied in part on a letter from Frank Chiu to Gary Rhea dated September 16, 2002 which stated that "[p]er our discussion we will exchange Amendment #2 to Lease as soon as we receive confirmation that the Kaufman Brothers transaction is completed." This, the court found, precluded a finding that defendant could have relied upon plaintiff's promise in the Assignment to sign and exchange Amendment No. 2. Defendant now asserts that this letter pre-dated the Assignment, and that defendant was therefore entitled to rely upon the terms of the Assignment rather than the letter. Defendant specifically claims that the letter amounts to parol evidence which contradicts the terms of the written contract, and therefore the court may not consider it.

Defendant's argument stretches the meaning of the parol evidence rule. The September 16 letter did not alter the terms of the agreement, but rather addressed one element of equitable estoppel. Namely, reliance. The court relied upon this letter for what it demonstrated about defendant's state of mind as to plaintiff's intentions. The court does not find that this ruling warrants a new trial.

B.   Waiver

During the pre-trial proceedings, the court held that plaintiff was not entitled to pursue its defense of waiver because the issue of waiver had previously been decided by the court as a matter of law. In its order on defendant's motion for summary judgment, the court found, based on the

6

record, that "plaintiff has not waived its right to challenge the validity of the Assignment." Sunnyside, 2007 WL 419865 at *11. Defendant challenges this conclusion on the basis that, because defendant was the moving party, the court was only able to decide issues as a matter of law in favor of defendant. This is simply not the law. On the contrary, "[i]t is generally recognized that a court has the power sua sponte to grant summary judgment to a non-movant when there has been a motion but no cross-motion." Kassbaum v. Steppenwolf Prods., Inc., 236 F.3d 487, 494 (9th Cir. 2000). Because defendant cites no other basis upon which to challenge the court's pre-trial ruling regarding waiver, defendant is not entitled to a new trial on the waiver issue.

### C.  Unclean Hands

Finally, defendant asserts that the jury should have been instructed on the issue of unclean hands. Other than a vague reference to "ample evidence" supporting its theory of unclean hands, defendant proffers no argument whatsoever as to why the court's prior ruling foreclosing the defense of unclean hands was improper. Accordingly, defendant is not entitled to a new trial based on the issue of unclean hands.

### CONCLUSION

For the reasons stated above, the court DENIES defendant's motion for judgment as a matter of law and for a new trial.

IT IS SO ORDERED.

Dated: August 29, 2007

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California

7

**ENDNOTES**

1. The parties also raise arguments regarding rescission of the Assignment. Because there has been no finding of rescission, and because defendant's motion as to the jury verdict must be denied on other grounds, the court does not reach these arguments.